# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXMUNDO, | CASE NO. 1:08-cv-00822 DLB PC |
|     Plaintiff, | ORDER DENYING MOTION TO REMAND |
|    v. | (Doc. 7) |
| JAMES YATES, et al., | ORDER DENYING SANCTIONS |
|     Defendants. | (Doc. 4) |

      This is a civil action filed by plaintiff Emelito Exmundo ("plaintiff"), a state prisoner proceeding pro. The action was removed from the Fresno County Superior Court to this Court by defendants Kane and Ross ("Defendants") on June 12, 2008. On June 20, 2008, plaintiff filed a document entitled "Ex Parte Request for Information and Clarification and Order a Sanction." (Doc. 4). On July 21, 2008, Plaintiff filed an opposition to the removal of this action, which the Court construes as a motion to remand. (Doc. 7).

      Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

1  Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

In their notice of removal, defendants contend that this action arises under 42 U.S.C. §1983 and also 29 U.S.C. §1997d. Defendants contend that plaintiff has alleged a violation of his Eighth Amendment rights, and cites to federal cases in support of his allegations. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

Defendants' contention that this action arises under federal law is supported by a review of plaintiff's complaint. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal). Plaintiff has alleged both state and federal claims. For example, in his complaint, Plaintiff alleges that defendant Kane's actions violated Plaintiff's rights under the 1st, 5th, 6th, 8th and 14th Amendments of the United States Constitution (Complaint, p.12).

Accordingly, Plaintiff's request for sanctions based on defendants' removal of this action is DENIED. Further, Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

  Dated:   **January 12, 2009**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE