UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXMUNDO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>R. KANE, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00822 DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY AGAINST ROSS AND KANE<br><br>THIRTY DAY DEADLINE<br><br>(Doc. 1) |

**Screening Order**

This is a civil action filed by plaintiff Emelito Exmundo ("Plaintiff"), a state prisoner proceeding pro. The action was removed from the Fresno County Superior Court to this Court by defendants Kane and Ross ("Defendants") on June 12, 2008.

Plaintiff is currently housed at Pleasant Valley State Prison, where the events giving rise to this action allegedly occurred. Plaintiff names Licensed Vocational Nurse R. Kane, Licensed Vocational Nurse A. Ross and Dr. K. Vilaysane as defendants.

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Summary of Plaintiff's Complaint

### A.     Defendants Kane and Ross

Plaintiff alleges that on March 21, 2007 defendant Kane issued a Rules Violation Report falsely stating that Plaintiff was "cheeking" his medication. Plaintiff alleges that as a result of the report, the doctor discontinued Plaintiff's medication and that defendant Kane refused to give Plaintiff his medication on May 24, 2007. Plaintiff alleges that defendant acted in retaliation for Plaintiff initiating a lawsuit against her. Plaintiff alleges that defendant Kane also refused to give Plaintiff his medication on January 26, 2008, purportedly for having failed to comply with rules. However, Plaintiff alleges that defendant's conduct was retaliatory.

With respect to defendant Ross, Plaintiff alleges that in November 2007 defendant Ross issued a Rules Violation Report falsely stating that Plaintiff was cheeking his medication. Plaintiff alleges that defendant Ross knew that such an accusation would result in the discontinuation of Plaintiff's medication. Plaintiff states that defendant Ross' actions were taken in retaliation for Plaintiff filing a 602/1824 grievance against Correctional Officer Mendoza, as well as for Plaintiff's intent to pursue legal action against defendant Ross. Plaintiff further alleges that defendant Ross accused Plaintiff of disrespect that resulted in a punishment of 96 hours of confinement-to-quarters.

Plaintiff alleges that defendants Ross and Kane violated his right to access to the courts, as well as his right to be free from cruel and unusual punishment.

### i.  Access to the Courts and Retaliation

Plaintiff alleges that defendants retaliatory conduct denied him access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

Plaintiff's allegations state a cognizable claim against defendants Kane and Ross for retaliation in violation of the First Amendment. However, Plaintiff's allegations do not support a claim for denial of access to the courts against either defendant. Plaintiff has failed to show that he suffered an actual injury. Id. Further, Plaintiff has not alleged that he was denied access with respect to a direct criminal appeal, habeas petition, or civil rights action.

### ii.  Interference with Medical Care[1]

Plaintiff alleges that defendant Kane refused to give Plaintiff his medication in retaliation for Plaintiff filing prison grievances concerning his medical treatment, and also for intending to initiate a lawsuit against defendant. Based on Plaintiff's allegations that defendant Kane refused to provide Plaintiff with his medication for non-medical reasons, the Court finds that Plaintiff states a cognizable Eighth Amendment claim.

With respect to defendant Ross, Plaintiff alleges that from December 2, 2007 to December 19, 2007 Plaintiff was not given his pain medication. Plaintiff alleges that on December 2, 2007 he

---

[1] Plaintiff alleges Cruel and Unusual Punishment in violation of the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff has not explained how his allegations implicate the First, Fifth, Sixth nor Fourteenth Amendments. Plaintiff's claim of medical interference is properly analyzed under the Eighth Amendment.

was also not provided with his seizure medication.

Based on Plaintiff's allegation that defendant Ross issued Plaintiff a false Rules Violation on November 27, 2007, which defendant knew would result in the discontinuation of his medication, the Court finds that Plaintiff has sufficiently alleged facts to support an Eighth Amendment claim.

### iii.     Americans with Disabilities Act, Rehabilitation Act, and 28 C.F.R. §35

Plaintiff alleges that defendant Ross violated the Americans with Disabilities Act, the Rehabilitation Act, and 28 C.F.R. §35.

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination

by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act

Plaintiff may not pursue his ADA claim against the individual defendants named in the complaint and therefore his ADA claim against defendants fail. With respect to his RA claim, Plaintiff's conclusory allegations that defendant Ross violated the RA does not support a claim. First, Plaintiff has not alleged that he is handicapped within the meaning of the RA nor that he was denied a benefit or a service. Further, the treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff's fails to state a claim for violation of either the ADA or the RA. To the extent that Plaintiff is attempting to file a complaint for violation of 28 C.F.R. §35, Plaintiff has not sufficiently demonstrated that he has been discriminated on the basis of any disability.

    **iv. California Penal Code Sections 132 and 134**

Section 132 states that a person who upon trial proceeding, inquiry, or investigation whatever, authorized or authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record, or other instrument in writing, knowing the same to have been forged or fraudulently altered or ante-dated, is guilty of felony.

Section 134 states that a person guilty of preparing any false or ante-dated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Accordingly, plaintiff fails to state any claims upon which relief may be granted under state law based on the alleged violations of sections 132 and 134.

   **v.**  **Model Penal Code**

Plaintiff asserts a claim for violation of the Model Penal Code. This Court is not empowered to grant relief under the Model Penal Code and the assertion is a nullity.

   **vi.**  **California Constitution**

The discussion of Plaintiff's federal constitutional claim resolves both the federal and state constitutional claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 132 Cal.Rptr. 405, 410 n. 3 (1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution)).

**B.**  **Defendant Vilaysane**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The Court has reviewed Plaintiff's allegations against defendant Vilaysane and cannot discern the bases for Plaintiff's claims against him. Plaintiff's allegations consist of a mismash of dates and events, in no apparent order, making it impossible for the court to delineate the bases of his claims. For example, Plaintiff alleges that his prescription for methacarbamol for his neck and shoulder pain was not renewed by defendant Vilaysane on December 12, 2007. Later Plaintiff alleges that he was prescribed hydrocodone at an unspecified time for his pain, but later changed to Tylenol 3 with codeine by defendant Vilaysane. There is no indication when this occurred, or if and how it is related to his other allegations. Plaintiff also alleges that he was previously prescribed Prozac and Benadryl, and that defendant Vilaysane discontinued these prescriptions. Intermeshed in his allegations that defendant Vilaysane is the supervisor of defendants Ross and Kane.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

Plaintiff cannot simply allege facts spanning over a two year period, then provide list a series of purported violations under state law, federal law, and also the United States Constitution.[2] It is Plaintiff's responsibility to correlate his claims for relief with their alleged factual bases. The Court, and defendants, should be able to read and understand Plaintiff's claims within a matter of minutes. With respect to his allegations against defendant Vilaysane, Plaintiff's complaint fails to comply with Rule 8. Plaintiff will be granted an opportunity to amend.

### III. Conclusion and Order

Plaintiff's complaint states a claim under section 1983 against Defendants Ross and Kane for retaliation in violation of the First Amendment, and interference with medical care, in violation of the Eighth Amendment, and for violation of the California Constitution. However, Plaintiff's allegations against defendant Vilaysane do not comply with Rule 8's pleading requirements. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Ross and Kane on the cognizable claims identified, Plaintiff may so notify the Court in writing, and the Court will dismiss Defendant Vilaysane and direct defendants Ross and Kane to serve and file a response to the complaint.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S.Ct. at 1965 (citations omitted).

---

[2] Plaintiff alleges that defendant Vilaysane "violated Plaintiff's right to be free from cruel and unusual punishment, the due process and equal protection right to defend or confront his accuser and to notice and hearing under Art 1 of the California Constitution and 8th, 5th, 6th and 14th Amendment(s) of the U. S. Constitution, Americans with Disability Act, and Code of Federal Regulations, Title 28, Section 35." (Doc. 1-3, p. 16.)

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he is willing to proceed only against Defendants Ross and Kane on his cognizable claims and that he does not want to file an amended complaint; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 20, 2009**              /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE