1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                        EASTERN DISTRICT OF CALIFORNIA

9
    EMILITO EXMUNDO,                      CASE NO. 1:08-cv-00822-DLB PC
10
                        Plaintiff,        ORDER GRANTING DEFENDANTS'
11                                        MOTION TO STRIKE SURREPLY
          v.
12                                        (Docs. 29, 30)
    R. KANE, et al.,
13                                        ORDER GRANTING IN PART AND
                        Defendants.       DENYING IN PART DEFENDANTS'
14                                        MOTION TO DISMISS FOR FAILURE TO
                                          EXHAUST AND DISMISSING CERTAIN
15                                        CLAIMS WITHOUT PREJUDICE

16   _____/    (Docs. 15)

17

18                               **Order**

19   **I.     Background**

20          Plaintiff Emilito Exmundo ("Plaintiff") is a prisoner in the custody of the California

21   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this

22   civil rights action pursuant to 42 U.S.C. § 1983.  This action was removed from state court on

23   June 12, 2008.  This action is proceeding on Plaintiff's complaint against Defendants R. Kane

24   and Ross for retaliation in violation of the First Amendment and interference with medical care,

25   in violation of the Eighth Amendment, and for violation of the California Constitution.  On

26   October 7, 2009, Defendants filed a motion to dismiss certain claims for Plaintiff's failure to

27   exhaust administrative remedies, pursuant to the unenumerated portion of Rule 12(b) of the

28   Federal Rules of Civil Procedure.  (Doc. 15.)  On January 4, 2010, after receiving an extension of

                                          1

1   time, Plaintiff filed his opposition.  (Doc. 21.)  On January 15, 2010, Defendants filed their reply.

2   (Doc. 26, 27.)  The matter is deemed submitted pursuant to Local Rule 230(l).[1]

3   **II.   Plaintiff's Surreply**

4          On February 1, 2010, Plaintiff filed his reply to Defendants' reply, also known as a

5   surreply.  (Doc. 28.)  On February 8, 2010, Defendants filed a motion to strike the surreply.

6   (Doc. 29.)  On March 1, 2010, Plaintiff filed his opposition to Defendants' motion.  (Doc. 30.)

7          Surreplies are generally not permitted in this Court.  *See* Local Rule 230(l).  The Court

8   neither requested nor granted leave for Plaintiff to file a surreply.  Accordingly, Defendants'

9   motion to strike Plaintiff's surreply is GRANTED and the surreply is HEREBY ORDERED

10  stricken.[2]

11  **III.   Summary of Complaint**

12         Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga,

13  California, where the events giving rise to this action occurred.  Plaintiff contends that on March

14  21, 2007, Defendant Kane wrote a false report alleging that Plaintiff was "cheeking"[3] his

15  medication.  Plaintiff contends this was done in retaliation for Plaintiff filing grievances against

16  Kane for making him stand in line for a long time before receiving his medication, and for not

17  referring him to a pain specialist and ophthalmologist.  Plaintiff contends that on May 24, 2007,

18  Defendant Kane refused to give him his medication.  On January 26, 2008, Defendant Kane

19  again refused to give Plaintiff his medication.

20         Plaintiff contends that on December 2 to December 19, 2007, Plaintiff was not given his

21  pain medications or seizure medication.  Plaintiff contends that he suffered a seizure as a result

22  of the deprivation.  Plaintiff contends that Defendant Ross wrote a false report alleging that on

23

24         [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
25  on October 14, 2009.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 17.)

26         [2] Out of an abundance of caution, the Court reviewed Plaintiff's surreply and finds that it would not change
    the analysis herein.

27         [3] As described by Defendants, cheeking is pretending to take medication but instead holding the medication
28  under the tongue or in the cheek.  It is used by inmates to avoid medication compliance or to later sell the pills to
    other inmates.

1  November 20, 2007, Plaintiff was cheeking his medications.  Plaintiff contends this was done as

2  retaliation for Plaintiff writing a grievance against a correctional officer, and for threatening to

3  sue her for falsely accusing him of disrespect, which resulted in his confinement to quarters for

4  96 hours.

5  **IV.**    **Failure to Exhaust Administrative Remedies**

6          **A.**    **Legal Standard**

7          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

8  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

9  confined in any jail, prison, or other correctional facility until such administrative remedies as are

10  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

11  administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910,

12  918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is

13  required regardless of the relief sought by the prisoner and regardless of the relief offered by the

14  process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819 (2001), and the exhaustion

15  requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516,

16  532, 122 S. Ct. 983 (2002).

17          Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

18  defense under which Defendants have the burden of raising and proving the absence of

19  exhaustion.  *Jones*, 127 S. Ct. at 921; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

20  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to

21  an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d

22  at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th

23  Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative

24  remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Wyatt*,

25  315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative

26  remedies, the proper remedy is dismissal without prejudice.  *Id.*

27  ///

28  ///

3

**B.**   **Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2010).  The process is initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S. Ct. 2378 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Plaintiff filed this action on April 11, 2008.  (Doc. 1, Exh. A.)  Defendants contend that Plaintiff exhausted only two inmate appeals related to this action: PVSP-07-01171, submitted April 17, 2007, and PVSP-07-02179, submitted May 27, 2007.  (Doc. 15, Mem. Of P. & A. In Support of Mot. To Dismiss 6:12-21; Exh. E, grievance No. PVSP-07-01171; Exh. F, grievance No. PVSP-07-02179.)  Defendants contend that PVSP-07-02179 fails to exhaust any claims in this action.  (Doc. 15, Mem. Of P. & A. 6:19-21.)  Defendants contend that Plaintiff only exhausted one claim, that Defendant Kane retaliated against him on March 21, 2007 by filing a false report against him.  (Mem. Of P. & A. 8:21-23.)  Plaintiff in opposition contends that he exhausted all his claims in this action.  (Doc. 21, Opp'n 3:17.)[4]

---

[4]   Defendants object to Plaintiff's exhibits A4, B6, C4, E2-4, F6, F11, F14, G6, G7, H4, and I4 as irrelevant, hearsay, and lacking foundation and authentication, pursuant to Federal Rules of Evidence 402, 802, 601-602, 1002-1005.  (Doc. 26, Defs.' Objections.)  For the purposes of this order, the Court will consider this evidence, and will therefore overrule Defendants' objections.  Such a ruling is not on the merits of the objections.

1              **1.**    **Claims Against Defendant Kane**

2                A.    <u>May 24, 2007 Incident</u>

3        Defendants contend that PVSP-07-2179, while exhausted, mentions Defendant Kane only

4 in reiterating his allegations against Defendant Kane regarding the March 21, 2007 RVR.  (Mem.

5 Of P. & A. 6:22-23.)   Defendants contend that Plaintiff does not allege in that appeal or any

6 other that Kane denied him medication on May 24, 2007, or that his medication was discontinued

7 as a result of the March 2007 RVR. (Mem. Of P. & A. 6:24-25.)  Plaintiff contends that PVSP-

8 07-2179 mentions Kane's retaliation specifically in his requested relief.  (Opp'n, Exh. C1.)

9        Defendants appear to rely on the fact that Plaintiff did not specifically name Defendant

10 Kane as the person who denied or discontinued his medication in May 2007 as support for their

11 contention that Plaintiff failed to exhaust his retaliation claim regarding this incident.  However,

12 all that is required by the PLRA is compliance with a prison's grievance procedure.  *See Jones v.*

13 *Bock*, 549 U.S. 199, 218-19 (2007) ("The level of detail necessary in a grievance to comply with

14 the grievances procedures will vary from system to system and claim to claim, but it is the

15 prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . .

16 [E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in

17 the grievances.").  The inmate appeal form CDC-602 does not require identification of specific

18 individuals.  *See* Cal. Code Regs., tit. 15 § 3084.2(a).  Rather, it merely requires that the inmate

19 "describe the problem and action requested."  *Id.* "A grievance [] need not contain every fact

20 necessary to prove each element of an eventual legal claim.  The primary purpose of a grievance

21 is to alert the prison to a problem and facilitate its solution, not to lay groundwork for litigation."

22 *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotations and citations omitted).

23        Plaintiff notified prison officials that his medication had been discontinued arbitrarily on

24 May 24, 2007.  (Doc. 15, Exh. E, grievance PVSP-07-2179.)  Plaintiff requested that Defendant

25 Kane stop retaliating against Plaintiff.  (*Id.*)  This constitutes sufficient notice pursuant to the

26 California Code of Regulations and federal law.  Plaintiff has satisfied the exhaustion

27 requirement pursuant to the PLRA regarding his claim against Defendant Kane for the denial and

28 discontinuation of his medication on May 24, 2007.  Accordingly, the Court denies Defendants'

1 | motion to dismiss Plaintiff's retaliation claims against Defendant Kane pertaining to the May 24,

2 | 2007 incident.[5]

3 |                         **B.**        <u>January 2008 Incident</u>

4 |        Defendants contend that Plaintiff's January 2008 claim, that Defendant Kane denied him

5 | his medication on that date, was never exhausted.  Defendants contend that none of Plaintiff's

6 | exhausted appeals mention this denial of medication.  (Doc. 15, Mem. Of P. & A. 7:1-2.)

7 | Defendants contend that the January 2008 claim is not intertwined with the exhausted claim

8 | against Defendant Kane for filing a false March 2007 RVR. (Mem. Of P. & A. 8:1-3.)

9 |        Plaintiff contends that the January 2008 claim is intertwined with the March 2007 RVR,

10 | because it is part of a continual retaliation by Defendant Kane against Plaintiff.  (Opp'n 11:5-10.)

11 | Plaintiff contends that he notified Kane of his intent to sue in state court within ninety days for

12 | the false March 2007 RVR.  (*Id.*)  Plaintiff contends that Defendant Kane's deprivation of

13 | medication on January 2008 is retaliation for the same incident.  (*Id.*)  Plaintiff also contends that

14 | he appealed the denial of medication several times, but was screened out by the appeals

15 | coordinator.  (Opp'n 2:18-3:1.)

16 |        Plaintiff mentions the January 2008 denial of medication in an inmate grievance.  (Opp'n

17 | Exh. H5.)  However, it appears that Plaintiff appealed this grievance only to the informal level.

18 | (*Id.*)  An inmate must comply with the inmate grievance procedure in order to exhaust

19 | administrative remedies pursuant to the PLRA.  *See Jones*, 549 U.S. at 218.  Plaintiff appears to

20 | have submitted his grievance to the first level on March 31, 2008.  (Exh. H5.)  The inmate

21 | grievance process requires a first level response to be completed within thirty working days.  Cal.

22 |

---

23 |      [5]   To the extent that Defendants make a distinction between the denial of medication on May 24, 2007 and

24 | discontinuation of medication, the Court does not find such a distinction in PVSP-07-2179.  Plaintiff complained of the discontinuation of his medication on May 24, 2007, which necessarily includes denial of medication.  A review

25 | of the second and third level responses indicates that the responding prison official considered Plaintiff's grievance to include a claim of retaliatory conduct by Defendant Kane.  (Opp'n, Exh. C5, C6.)

26 |      Plaintiff had also argued that PVSP-07-0990 was exhausted and included Plaintiff's claims against Defendant Kane.  Defendants contend that it was submitted more than 4 months before the May 24, 2007 incident,

27 | and thus cannot be used to exhaust administrative remedies for that claim.  The Court agrees.  Appeals must be submitted within fifteen working days of the event being appealed.  Cal. Code. Regs., tit 15 3084.6(c). Plaintiff did

28 | not do so with PVSP-07-0990 as it pertained to his May 24, 2007 claims, and thus it cannot be used to demonstrate exhaustion of those claims.

1    Code Regs., tit. 15 § 3084.6(a)(2).  Thus, the first level response was not due until thirty working

2    days after March 31, 2008.  Assuming Plaintiff did submit this grievance to the first level of

3    review, Plaintiff would not be able to complete exhaustion of this grievance before he initiated

4    this action on April 11, 2008.  Thus, Plaintiff has not demonstrated that he exhausted all

5    available administrative remedies with this grievance.

6         Plaintiff's contention that the January 2008 denial is retaliation for the same March 2007

7    RVR does not cure Plaintiff's lack of exhaustion.  As stated previously, the purpose of the inmate

8    grievance procedure is to notify prison officials of a problem and what redress is requested.

9    *Griffin*, 557 F.3d at 1120.  Plaintiff did not sufficiently notify prison officials of his issues with

10   the January 2008 denial of medication, as this incident occurred several months after either the

11   March 2007 or May 2007 incidents.  Plaintiff raising this issue at the informal level and then not

12   appealing it further does not comply with the inmate grievance process of the CDCR for

13   purposes of exhaustion, and is thus non-compliance with the PLRA.  Accordingly, Plaintiff failed

14   to exhaust administrative remedies regarding his January 2008 retaliation claim against

15   Defendant Kane.

16              **2.       Claims Against Defendant Ross**

17         Defendants contend that Plaintiff did not exhaust any of his claims pertaining to

18   Defendant Ross prior to the initiation of this action.  Plaintiff's claims against Defendant Ross

19   arose from an incident in November 2007 when Defendant Ross wrote a report that Plaintiff was

20   cheeking his medication, in retaliation for a grievance against correctional officer Mendoza and

21   for  Plaintiff giving notice of intent to pursue legal action against Defendant Ross.  (Mem. Of P.

22   & A. 7:17-22.)  Defendants contend that Plaintiff failed to exhaust this claim because he did not

23   exhaust a claim in any appeal that Defendant Ross wrote a false report to retaliate against him.

24   (Mem. Of P. & A. 7:4-5.)  Defendants contend that the exhausted claim against Defendant Kane

25   is separated by eight months and concerns different incidents, persons, and retaliatory motives

26   than the unexhausted claim against Defendant Ross.  (Mem. Of P. & A. 7:26-27.)

27         Plaintiff in opposition contends that he attempted to file an inmate grievance against

28   Defendant Ross as a staff complaint, but that appeals coordinators refused to process it.  (Opp'n

                                                    7

1   6:22-7:18.)  In support Plaintiff submits Exhibits E1 to E8.  Defendants reply that Plaintiff

2   attempted to bypass the inmate grievance procedure by submitting his grievance directly to the

3   third level of review, rather than go through the process of submitting it to an appeals coordinator

4   first.  (Doc. 27, Reply 5:10-23.)[6]

5          A review of Plaintiff's exhibits indicate that on December 14, 2007, he submitted a

6   grievance regarding a false report by Defendant Ross that Plaintiff was cheeking his medication.

7   (Opp'n, Exh. E6.) It was received by the Inmate Appeals Branch at the Director's level on

8   December 24, 2007.  (Id.)  The Inmate Appeals Branch screened out the grievance on February 1,

9   2008 because the appeal should have been submitted directly to an appeals coordinator at the

10  prison.  (Opp'n, Exh. E5.)

11         It appears that Plaintiff also submitted his grievance to the appeals coordinator office for

12  review.  (Opp'n, Exh. E1.)  Plaintiff contends that he intended to file the grievance against

13  Defendant Ross as a staff complaint, which would bypass filing at the informal level.  (Opp'n

14  6:22-7:18.)  The appeals coordinator apparently responded on March 21, 2008, and April 4,

15  2008.  (Id.)  The appeals coordinator who reviewed the grievance did not construe Plaintiff's

16  grievance to be a staff complaint, and returned the grievance to Plaintiff for re-submission

17  because Plaintiff's request for the removal of the 128 "needs to be forwarded to staff who

18  initiated the chrono."  (Opp'n Exh. E1.)  A review of the grievance itself indicates that Plaintiff

19  sought expungement of the 128 chrono from his file "and any other appropriate action, dispose of

20  the matter as the law and justice require."  (Opp'n, Exh. E6.)  Plaintiff contends that he sent the

21  grievance to Defendant Ross and Sgt. Huckabay, the author of the 128 chrono, who failed to

22  respond to the grievance.  (Opp'n 7:9-11.)

23  ───────────────

24      [6] Plaintiff submitted another grievance, PVSP-08-0418, concerning the November RVR.  (Opp'n, Exh. D1-D8.)  Plaintiff sought the expungement of the RVR from his prison file.  (Id.)  Defendants contend that PVSP-08-
25  0418 concerned a denial of due process, not for retaliatory conduct.  (Mem. Of P. & A. 7:2-5.)  A review of PVSP-08-418 indicates that it was for the purposes of due process, and provides no mention of retaliatory conduct.  It thus
26  cannot be used to demonstrate exhaustion of Plaintiff's retaliation claim against Defendant Ross.
        Plaintiff contends that PVSP-08-0344, which is exhausted, concerned Defendant Ross's retaliatory conduct.
27  (Opp'n Exh. F1-F8.)  This grievance concerns Plaintiff's issues with correctional officer Cano, who allegedly threatened Plaintiff when Plaintiff stated to Defendant Ross that he was going to file a staff complaint against her.
    The grievance was appealed to the third level on December 30, 2008, after Plaintiff initiated this action.  (Opp'n
28  Exh. F1.)  Thus, it cannot be used to demonstrate exhaustion of Plaintiff's retaliation claim against Defendant Ross.

1       Though not explicitly found by the Ninth Circuit, other circuits have found exceptions to

2   the exhaustion requirement when prison officials' obstruction of an inmate's ability to exhaust

3   would render administrative remedies unavailable.  *See*, *e.g.*, *Turner v. Brownside*, 541 F.3d

4   1077, 1085 (11th Cir. 2008) (finding administrative remedies unavailable when prisoner

5   threatened with retaliation by prison officials); *Macias v. Zenk*, 495 F.3d 37, 45(2d Cir. 2007)

6   (same); *Kaba v. Stepp*, 458 F.3d 678, 684-86 (7th Cir. 2006) (same); *Brown v. Croak*, 312 F.3d

7   109, 111-12 (3d Cir. 2002) (finding administrative remedies unavailable when prison officials

8   erroneously told prisoner to wait until investigation was complete before filing grievance); *see*

9   *also Nunez*, 591 F.3d at 1224 (finding plaintiff's failure to timely exhaust administrative

10  remedies excused because plaintiff took reasonable and appropriate steps to exhaust claim and

11  was precluded from exhausting by warden's mistake); *Moore v. Bennette*, 517 F.3d 717, 725 (4th

12  Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner,

13  through no fault of his own, was prevented from availing himself of it."); *Aquilar-Avellaveda v.*

14  *Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in

15  exhaustion were not procured from the action or inaction of prison officials.").  Defendants bear

16  the burden of proof in raising the affirmative defense of failure to exhaust administrative

17  remedies.  *Jones*, 549 U.S. at 216.

18      The Court finds that Defendants have not met their burden of demonstrating Plaintiff's

19  failure to exhaust for this claim.  Plaintiff's opposition is a sworn affidavit in this instance.  *See*

20  Fed. R. Civ. P. 43(c); 28 U.S.C. § 1746.  Plaintiff attests in his opposition that he attempted to

21  comply with the appeals coordinator's order and submitted his inmate grievance with Defendant

22  Ross and Sgt. Huckabay, but they  failed to respond to Plaintiff's grievance.  (Opp'n 6:22-7:18.)

23  Prison officials' failure to comply with their own inmate grievance process would render

24  Plaintiff's administrative remedies unavailable.

25      In reaching this conclusion, the Court does not find that Plaintiff has definitively

26  demonstrated he has exhausted administrative remedies.  However, the burden lies with the

27  Defendants to show that Plaintiff has not exhausted.  Based on all the submissions, Defendants

28  have not met their burden of proof, and the Court must deny Defendants' motion to dismiss

9

1  Plaintiff's claims against Defendant Ross for failure to exhaust administrative remedies.

2  **V.**      **Conclusion and Order**

3           Based on the foregoing, it is HEREBY ORDERED that:

4           1)      Defendants' motion to dismiss for failure to exhaust administrative remedies, filed

5                   October 7, 2009, is GRANTED as to Plaintiff's retaliation claim against

6                   Defendant Kane for denial of medication in January 2008;

7           2)      Defendants' motion to dismiss is DENIED as to (a) Plaintiff's retaliation claim

8                   against Defendant Kane for denial of medication in May 2007 and (b) Plaintiff's

9                   retaliation claim against Defendant Ross for false report of cheeking medication in

10                  November 2007; and

11          3)      This action proceed against Defendant Kane for filing of a retaliatory false report

12                  in March 2007 and retaliatory denial of medication in May 2007, and against

13                  Defendant Ross for filing a retaliatory false report of cheeking medication in

14                  November 2007.

15

16          IT IS SO ORDERED.

17          **Dated:   May 6, 2010**          _____**/s/ Dennis L. Beck**_____
18                                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28