# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO,<br><br>    Plaintiff,<br><br>    v.<br><br>R. KANE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-CV-00822-DLB PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF NO. 31)<br><br>ORDER REQUIRING DEFENDANTS TO FILE ANSWER TO PLAINTIFF'S COMPLAINT WITHIN TWENTY DAYS |

Plaintiff Emelito Exmundo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for preliminary injunction, filed March 12, 2010. (ECF NO. 21.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does not

have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Here, Plaintiff seeks an injunction to prevent retaliation by other correctional officers and prison staff, who allegedly retaliated against Plaintiff for his filing of grievances against Defendant Kane.  (Pl.'s Decl. In Supp. Of Mot., ECF No. 32.)  These other officers and staff members are not defendants in this action.  The Court has no personal jurisdiction over these parties in this action and may not attempt to determine the rights of parties not before the Court. *Zepeda*, 753 F.2d at 727.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed March 12, 2010, is DENIED.

The Court notes that Defendants Kane and Ross have not filed an answer to Plaintiff's complaint.  Accordingly, it is FURTHER ORDERED that Defendants Kane and Ross are to file an answer to Plaintiff's complaint within **twenty (20) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   July 13, 2010                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE